### UNITED STATES v. SCHURMAN et al.

#### (District Court, W. D. Michigan, S. D. March 24, 1910.)

FOOD (§ 20*)—MISBRANDING—MISLEADING LABELS—INFORMATION—LEAVE TO FILE.

Defendants manufactured and sold in interstate commerce "Dutch Tea Rusk." The packages were marked "Genuine Dutch Tea Rusk," and stated that the contents were "made in Holland, Mich., by the Michigan Tea Rusk Company, Holland, Mich."; the word "Holland," where it first occurred, in type so large and prominent as to hold the attention and mislead purchasers into supposing that the article was a genuine importation from Holland. A hearing was had under the rules of the Department of Agriculture, in which respondents claimed that the markings were not misleading, but offered to change the labels as directed by the government, if found otherwise. *Held* that, since defendant's violation of Pure Food and Drug Act June 30, 1906. c. 3915, § 8, 34 Stat. 771 (U. S. Comp. St. Supp. 1909, p. 1193), prohibiting the branding of an article of food so as to purport to be a foreign product when it was not so, was doubtful, leave would not be granted to file an information prior to notice of adverse finding by the Department and an opportunity to alter the labels as directed.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 20.*]

Application by the United States for leave to file an information against George Schurman and others for violations of the pure food act. Denied.

George G. Covell, U. S. Atty.

DENISON, District Judge. The district attorney presents a sworn information, accompanied by affidavits, supposed to show a violation of the Pure Food Act of June 30, 1906. It appears that the respondents are engaged in business at the city of Holland, in this district, manufacturing and shipping to different states an article of food called "Dutch Tea Rusk." The point of the complaint must be that the article is misbranded, because so "labeled or branded as to deceive or mislead the purchaser, or purport to be a foreign product when not so" (section 8, Foods, Second); and this conclusion is based on the fact that respondents mark their packages as containing "Genuine Dutch Tea Rusk," and say that it is "made in Holland, Mich., by the Michigan Tea Rusk Company, Holland, Mich.," having the word "Holland," where it first occurs, in type so large and prominent as to hold the attention and thus mislead purchasers into supposing that the article is a genuine importation from the country of Holland.

Obviously, a jury could not be affirmatively instructed that these

markings did constitute a violation of the statute. Such tea rusk are largely used in the Netherlands, are popular among Hollanders, are manufactured in this state in a community that is largely made up of Netherlanders, and doubtless find their chief market in different parts of this country among people of the same nationality. The respondents have a perfect right to call their product "Dutch Tea Rusk." This is no more misleading than to speak of English muffins, or French rolls, or German fried potatoes. If the article, in composition and manufacture, is identical with a similar article made in the Netherlands, it is, in one sense, "genuine." Whether the word "genuine" is here used in a true or in a misleading sense depends on the inferences to be drawn from all the circumstances. The undue prominence given to the name "Holland" would tend to strengthen the inference that a misleading was intended; but this inference would be only argumentative, and the most that can be said for the case made against the respondents is that it probably would require a submission to the jury, and that the jury would be quite at liberty to find that the article did not "purport to be a foreign product."

The motion papers also show that, at a hearing held under the rules of the Department of Agriculture, the respondents made a full statement of the circumstances, insisting that these markings were not misleading, but offering, if the Department should think otherwise, immediately to change the labels as might be directed by the Department. So far as the motion papers show, the conclusion of the Department that the label was improper has been in no way communicated to the respondents, nor have they been informed what changes, if any, the Department would require. In case of a clear violation of the statute, there is no occasion for such notice or opportunity to make a change in the label; but in a case like this, where the violation is doubtful, and where the respondents seem to have acted in good faith in being willing to comply with the law and the rules, if they could find out what the law and the rules were, it is extremely improbable that any jury would find, beyond a reasonable doubt, the existence of the essential misleading, and, upon the same principle which requires a grand jury not to indict unless it is reasonably probable that a conviction might follow, this information should not be filed.

The application will be denied, with leave to renew the same at any time upon a further showing that after notice from the Department of its conclusion, or after knowledge of this disposition of this motion, the respondents did continue or shall continue to use the word "genuine" upon their labels or to give undue prominence to the word "Holland."